A Bill was filed in July 1813, by the appellants against the appellees, in the Superior Court of Chancery for the Richmond District; setting forth, in substance, that the plaintiffs had obtained a judgment at law against the administratrix, upon a bill penal, executed by her intestate James Chambliss in his lifetime, for- the sum of $481.15.7%, with interest thereon from the 1st day oí August 1801; which judgment (the said administratrix being able to prove, when the same was rendered, a full administration of all the assets which had then come to her hands,) was payable when assets &c. ; that, shortly afterwards, they instituted an action against the infant children of the deceased, upon the same bill penal, and recovered judgment against them, for the said debt, interest and costs, erroneously, without their being defended by guardian; on which judgment, the plaintiffs therefore supposed, no proceedings could be had: — that the said intestate died possessed of a tract of land containing about 300 acres, in the County of Brunswick, which was all his real estate; and that, recently, the dwelling bouse thereon had been burnt down; so that, the land being very poor and of little value, the plaintiffs would never be able .to recover the said debt, unless they could obtain a decree for the sale thereof, or unless the administratrix had assets. The prayer of the Bill therefore was, for a discovery of assets, and a decree for payment of the *798 debt by the administratrix; or for a sale of the land to satisfy the same, if she had no assets.
By a joint answer of the defendants and a Report of a commissioner, it appeared there was no personal estate to be administered; that the land in question was worth about four dollars per acre; that the annual rent thereof was estimated at forty dollars, from the time of the death of the said James Chambliss, (which appeared to have been the latter end of the year 1802,) until the year 1812, and at fifty dollars, af-terwards.
’■''Chancellor Taylor, “without deciding how far a plaintiff may conclude himself, as to his lien by bond upon land against the heirs at law, by taking a judgment, against the personal representative, when assets; “and being of opinion, that it was as competent to the plaintiffs to shew by a scire facias assets, at law, as by bill in this Court; unless under circumstances different from those disclosed by the bill; nay, for aught appears, their remedy was complete at law;” therefore decreed, that the Bill be dismissed with Costs; and that decree was affirmed by the Court of Appeals.